IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRETT KELLY, et al.          :
                             :
                             :
   v.                        :       Civil No. CCB-12-2850
                             :
                             :
BANK OF AMERICA, N.A., et al.:
                             :

# MEMORANDUM

Plaintiffs Brett Kelly and Patricia Borden Kelly (the "Kellys") bring this suit against the defendants, Bank of America, N.A. ("BOA") and Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "defendants"), alleging the defendants failed to comply with Maryland law related to the Kellys' requests to modify their mortgage loan. The Kellys originally filed suit in Baltimore City Circuit Court, asserting violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, §§ 14-201, et seq.; Maryland Consumer Protection Act, Md. Code Ann., Com. Law, §§ 13-101, et seq.; and the Maryland Mortgage Fraud Protection Act, Md. Code Ann., Real Prop., §§ 7-401, et seq. The defendants removed the action to this court, asserting diversity jurisdiction. *See* 28 U.S.C. § 1332. Now pending is the Kellys' motion to remand the removed action for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447. The issues in this case have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons stated below, the motion to remand will be granted.

# BACKGROUND

Brett and Patricia Kelly purchased their home in New Market, Maryland in March 2005 for $450,000. (Compl., ECF No. 2, ¶¶ 5, 27.) The Kellys took out two mortgage loans – one for $360,000 and a second for $90,000 – with NFM, Inc. (dba National Fidelity Mortgage

1

Corporation), which funded the mortgages on behalf of WMC Mortgage Corporation ("WMC"), a mortgage banking company in California. (*Id.* at ¶¶ 28, 29.) BOA acquired servicing rights to the Kellys' first mortgage as of July 1, 2011, and currently services the first mortgage on behalf of WMC 2005-He5 MBS, the true owner and secured party of the first mortgage. (*Id.* at ¶¶ 30, 6.) Wells Fargo Bank, N.A. is Trustee for the Certificate-Holders of Asset Backed Securities Corporation Home Equity Loan Trust, Series WMC 2005-He5, Asset Backed Pass-Through Certificates, Series WMC 2005-He5 ("WMC 2005-He5 MBS").[1] (*Id.* at ¶ 7.)

In September 2011, the Kellys contacted BOA to seek a loan modification proactively to avoid defaulting. (*Id.* at ¶ 34.) The Kellys submitted a modification application on December 12, 2011, but BOA never acknowledged receiving their application (*Id.* at ¶ 39.) The Kellys later received an offer from BOA dated February 2, 2012, inviting them to apply for a loan modification. (*Id.* at ¶ 42.) On February 17, 2012, BOA employee Deborah Renick-Adams requested additional documentation as part of the Kellys' application, which the Kellys sent on March 3, 2012. (*Id.* at ¶ 43.)

Shortly thereafter, the Kellys received another offer from BOA to apply for a loan modification, which was dated March 5, 2012. (*Id.* at ¶ 45.) On March 12, 2012, BOA sent the Kellys and the Maryland Department of Labor, Licensing, and Regulation a Notice of Intent (NOI) to foreclose identifying "Wells Fargo" as the secured party of the Kellys' first mortgage. The NOI indicated BOA believed the Kellys were in default on the first mortgage loan as of January 2, 2012. (*Id.* at ¶ 46.) BOA sent the Kellys a second NOI on April 2, 2012, indicating that the Kellys had defaulted on their first mortgage loan as of March 2, 2012. (*Id.* at ¶ 57.)

---

[1] WMC 2005-He5 MBS acquired "all beneficial interest" related to the first mortgage on March 23, 2012. (ECF No. 2, ¶ 31.)

On March 30, 2012, Brad Peterson, a housing counselor at Frederick Community Action Agency, submitted a second loan modification application through the Hope Loan Portal system on the Kellys' behalf. (*Id.* at ¶¶ 48-49.) BOA subsequently requested additional information and documents, which Peterson provided on the Kellys' behalf through the Hope Loan Portal system on April 26, 2012. (*Id.* at ¶ 50.) BOA then sent several letters to the Kellys in early May 2012. (*Id.* at ¶¶ 50.) The first letter, dated May 1st, requested documents the Kellys assert they had already provided. (*Id.* at ¶ 52.) In the second letter, dated May 2nd, BOA stated that the Kellys' modification request concerning their second mortgage was denied because the Kellys had not submitted the required paperwork, even though the Kellys had not applied for a modification on the second mortgage. (*Id.* at ¶ 53.) On May 9th, 10th, and 14th, BOA sent the Kellys three more letters stating that the Kellys were not eligible for a loan modification on their first mortgage because they had not provided BOA with the documents it had requested. (*Id.* at ¶¶ 63-65.)

In August 2012, the Kellys filed suit against BOA and Wells Fargo in Baltimore City Circuit Court, asserting violations of the Maryland Consumer Debt Collection Act, the Maryland Consumer Protection Act, and the Maryland Mortgage Fraud Protection Act. The complaint seeks compensatory damages "not to exceed $50,000 for all claims and causes of action combined," as well as attorneys' fees and costs. The defendants removed the action to this court based on diversity jurisdiction on September 24, 2012.

## **ANALYSIS**

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441. Section 1441 provides, in pertinent part, that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division

embracing the place where such action is pending." When a case is removed from state court, the burden is on the defendant to support the exercise of jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296-97 (4th Cir. 2008). Removal jurisdiction raises "significant federalism concerns"; thus, it must be strictly construed. *Mulcahey v. Columbia Organic Chemicals Company, Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Absent a federal question, removal under 28 U.S.C. § 1441 requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Generally, the amount requested in the complaint determines the amount in controversy. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (*citing Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961)).

In the present case, the parties do not dispute that complete diversity exists; however, the Kellys argue that this case does not meet the $75,000 requirement. The Kellys claim their complaint specifically capped the damages sought at $50,000 for all claims and causes of action combined. (*See* ECF No. 2, ¶¶ 78, 86, 97.) In response, the defendants argue that (1) the Kellys MCPA claim for "a sum against each Defendant" may be aggregated to exceed the jurisdictional threshold; (2) the Kellys' three causes of action may be aggregated to establish the amount-in-controversy requirement; (3) the amount in controversy exceeds $75,000 when accounting for attorneys' fees and additional relief; and (4) the Kellys are not limited to the amounts stated in the *ad damnum* clauses in their complaint.

The Kellys MCPA claim, which demands "a sum against each Defendant not to exceed $50,000," may not be aggregated to satisfy the amount-in-controversy requirement for federal

4

jurisdiction. Although joint tortfeasors are jointly and severally liable for the entire damage sustained, only one satisfaction of the claim may be obtained. *Maryland Lumber Co. v. White*, 205 Md. 180, 199, 107 A.2d 73, 80 (1954). Here, the Kellys seek to hold BOA and WMC 2005-He5 MBS jointly liable under the MCPA for a sum "not to exceed $50,000." The most the Kellys can obtain for this violation, then, is $50,000, not $100,000, as the defendants maintain.

Nor can the Kellys' three causes of action be aggregated to meet the amount-in-controversy requirement. Under Maryland law, "multiple counts based upon the same facts or circumstances but asserting different legal theories upon which the plaintiff may recover the same damages, constitute one claim." *Huber v. Nationwide Mut. Ins. Co.*, 347 Md. 415, 421, 701 A.2d 415, 417-18 (1997). Here, the Kellys present several legal theories based on the same set of facts. Because "the aggregate of the counts . . . constitute only one claim upon which relief can be granted," *id.* at 417, the defendants cannot show that the amount in controversy exceeds $75,000.

The defendants' argument that the amount in controversy surpasses $75,000 after accounting for attorneys' fees is also unavailing. Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002). If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Id.* at 509-10. Here, the exercise of federal jurisdiction thus turns on whether an award of attorneys' fees will exceed $25,000, the difference between the $75,000 jurisdictional threshold and the $50,000 in actual damages claimed. The defendants contend that "taking this

matter through trial, including discovery and depositions, would reasonably require at least 83.4 hours" of the Kellys' counsel's time, which, at $300 per hour for his services, would place their attorneys' fees above $25,000. Such a claim in this case is purely speculative, however – the defendants offer no evidence to support it.[2] *See Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). The defendants thus have failed to prove that the amount in controversy exceeds $75,000 under either the "legal certainty" or "preponderance of the evidence" standard.[3]

Finally, the defendants argue incorrectly that the plaintiffs are not bound by the *ad damnum* clause in their complaint. The Supreme Court has held that, for purposes of establishing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288 (1938); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount."). In Maryland, a plaintiff's request for damages must indicate a specific sum, by which recovery may be limited. *See Gallagher v. Fed. Signal Corp.*, 524 F. Supp. 2d 724, 727-28 (D. Md. 2007). Here, the Kellys' complaint explicitly states that they are seeking no more than $50,000 for all claims and causes of action combined.[4] Furthermore, the defendants have presented no evidence of bad faith or impossibility. Accordingly, removal of the Kellys' case was improper, and the motion to remand will be granted.

---

[2] The only evidence before the court regarding attorneys' fees is an affidavit from the Kellys' counsel indicating that the Kellys had incurred $8,155 in attorneys' fees and costs at the time the case was removed. (Robinson Aff., ECF No. 18, Ex. 1.)

[3] *Cf. Williams v. Bank of New York Mellon*, 2013 WL 2422895 (D. Md. June 3, 2013) (denying motion to remand where exercise of federal jurisdiction turned on plaintiff incurring an additional $4,750 in attorneys' fees, plaintiff's counsel already had spent $5,250 on the case before removal, and an affidavit was provided).

[4] Maryland Rule of Civil Procedure 2-305 provides, "[u]nless otherwise required by law, a demand for money judgment that does not exceed $75,000 must include the amount of damages sought."

A separate Order follows.

June 18, 2013                                       /s/
Date                                       Catherine C. Blake
                                           United States District Judge